

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NUMBER **05-80175** |
| Plaintiff, | HONORABLE |
| v. | BERNARD A. FRIEDMAN |
| | VIOLATIONS: MAGISTRATE JUDGE VIRGINIA M. MORGAN |
| D-1   RADWAN QAYED ALMADRAHI, | 18 U.S.C. § 371:   CONSPIRACY |
| D-2   AHMAD MUSA JEBRIL, | 18 U.S.C. § 201:   BRIBERY OF A JUROR |
| D-3   MUSA ABDALLAH JEBRIL, | 18 U.S.C. § 1503: CORRUPTLY INFLUENCING A JUROR |
| | 18 U.S.C. § 2:       AIDING AND ABETTING |
| | 18 U.S.C. § 3147: ENHANCED SENTENCE |
| Defendants. | |

# INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

At all times pertinent to this indictment:

1.  **AHMAD MUSA JEBRIL** (D-2) is the son of **MUSA ABDALLAH JEBRIL** (D-3).

2.  **RADWAN QAYED ALMADRAHI** (D-1) is a close associate of **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3). He is also a close associate of the JEBRILS' extended family.

3. On August 23, 2003, **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) were indicted by a grand jury in *United States v. Jebril, et al.*, Criminal Case Number 03-80810. The **JEBRILS** were placed on bond and put under the supervision of Pretrial Services for the United States District Court for the Eastern District of Michigan on September 9, 2003, and remained on bond through November 12, 2004.

4. On Thursday, November 2, 2004, jury selection commenced in *United States v. Jebril, et al.*, Criminal Case Number 03-80810, before the Honorable Gerald E. Rosen. During *voir dire*, the juror in seat number nine [hereinafter "Juror Nine"] stated she worked at a Blockbuster Video store, and gave the precise location of the particular store where she worked. Juror Nine was seated as a member of the jury that was sworn on that morning.

5. Trial in *United States v. Jebril, et al.*, Criminal Case Number 03-80810, continued on Wednesday, November 3, 2004, with witness testimony. Court was not in session on Thursday or Friday that week, but reconvened Monday, November 8, 2004, through Wednesday, November 10, 2004. Because of the Veteran's Day federal holiday, the Court was in recess on November 11, 2004.

6. By telephone call to the Court on the morning of November 12, 2004, Juror Nine informed Judge Rosen that several young men of Arabic descent had begun appearing at her place of business since she had been sitting as a juror. One of the men had initiated conversation with her and invited her to go to breakfast or dinner to discuss how she could make some money. Juror Nine did not immediately recognize any connection between the young men and the *Jebril* trial, and she rebuffed the men's advances.

7.  Juror Nine told the Court that on the night of November 10, 2004, the men approached her fiancé in the parking lot at her place of business. They told her fiancé they knew she was a juror on their friends' trial. One of the men stated that if Juror Nine could persuade the jury to acquit, the men would pay for Juror Nine's wedding and buy her and her fiancé a house.

8.  Juror Nine had no contact with her fellow jurors after the attempt to bribe her on November 10, 2004. Judge Rosen excused Juror Nine from jury service, and told the remaining jurors that Juror Nine had been released from jury duty because of personal reasons.

9.  Judge Rosen revoked the bond of **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) on November 12, 2004, and remanded them to custody.

10. On November 7, 2004, one of the young men who had approached Juror Nine, **RADWAN QAYED ALMADRAHI** (D-1), filled out an application for a membership in Blockbuster Video at Juror Nine's place of business, listing his name, address, telephone number, school identification number and driver license number. His image was captured on videotape by Blockbuster Video.

11. On November 24, 2004, the jury convicted **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) as charged in 42 counts with conspiracy, bank fraud, mail fraud, wire fraud, social security fraud, money laundering, failure to file income tax returns, and being felons in possession of firearms and ammunition.

12. The term **"public official"** includes any person acting for or on behalf of the United States or any branch of the Government, such as a **federal juror**.

13. All **dates** in this indictment are alleged to be **"on or about"** the specific date stated.

## COUNT ONE
### (18 U.S.C. § 371 – CONSPIRACY TO COMMIT FEDERAL CRIMES)

D-1  RADWAN QAYED ALMADRAHI
D-2  AHMAD MUSA JEBRIL
D-3  MUSA ABDALLAH JEBRIL

14. The General Allegations are incorporated into this count by reference.

15. From November 2, 2004 and continuing through at least November 12, 2004, the exact dates being unknown to the grand jury, in the Eastern District of Michigan, Southern Division, **RADWAN QAYED ALMADRAHI** (D-1), **AHMAD MUSA JEBRIL** (D-2), and **MUSA ABDALLAH JEBRIL** (D-3), together with persons known and unknown to the grand jury, did willfully and unlawfully combine, conspire and agree together:

a. to violate Title 18, United States Code, Section 1503, **Influencing a Juror**, by corruptly endeavoring to influence, intimidate or impede a petit juror in a Court of the United States in the discharge of her duty in connection with the trial of a criminal case; and

b. to violate Title 18, United States Code, Section 201(b)(1)(A) and (C), **Bribery of a Public Official**, by corruptly offering or promising anything of value, directly or indirectly, to a sworn federal juror with the intent to influence an official act, or to do or omit to do any act in violation of the lawful duty of such person.

### OBJECTS OF THE CONSPIRACY

16. The defendants conspired and agreed to identify a federal juror sitting in judgment on **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3), who were then on

trial before the Honorable Gerald E. Rosen in Criminal Case Number 03-80810. The defendants further agreed that **RADWAN QAYED ALMADRAHI** (D-1) and others known and unknown to the grand jury would approach the juror outside of the courtroom, and offer things of value to the identified juror to corruptly influence her to vote to acquit **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) without regard to the evidence and testimony adduced at trial, in violation of her oath and lawful duty as a juror; and to corruptly influence her to attempt to persuade the other jurors to vote to acquit the **JEBRILS**.

## METHOD, MANNER AND MEANS

17. **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3), who were present in court during the *voir dire* of the prospective jurors on November 2, 2004, learned the identity and precise work location of Juror Nine. **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) conveyed that information to **RADWAN QAYED ALMADRAHI** (D-1) and others known and unknown to the grand jury.

18. **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) also told to **RADWAN QAYED ALMADRAHI** (D-1) where Juror Nine was seated in the jury box.

19. Following the first recess in the trial on November 2, 2004, after the jury had been seated and sworn, **RADWAN QAYED ALMADRAHI** (D-1) entered the courtroom in order to see Juror Nine, so that he and others known and unknown to the grand jury would be able to identify Juror Nine when they went to the Blockbuster Video store to approach her and offer her a bribe.

20. On November 10, 2004, **RADWAN QAYED ALMADRAHI** (D-1) and others known and unknown to the grand jury spoke to the fiancé of Juror Nine in the parking lot of the Blockbuster Video store, told him that Juror Nine was sitting in judgment in their friends' trial,

and offered to pay her a substantial amount of money to vote to acquit **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3).

## OVERT ACTS

21. In furtherance of the conspiracy and to accomplish its objects, on or about the dates set out below, one or more of the defendants **RADWAN QAYED ALMADRAHI** (D-1), **AHMAD MUSA JEBRIL** (D-2), and **MUSA ABDALLAH JEBRIL** (D-3) performed and caused to be performed, in the Eastern District of Michigan and elsewhere, the following overt acts, among others:

   a. The conduct set forth in the General Allegations and in Paragraphs 17 through 20 were overt acts within the scope of the conspiracy and were committed by the conspirators in furtherance of the conspiracy, as each conspirator could reasonably foresee. These offenses are alleged and incorporated into this count as overt acts.

   b. The offenses charged in Counts 2 and 3 were within the scope of the conspiracy and committed by the conspirators in furtherance of the conspiracy, as each conspirator could reasonably foresee. These offenses are alleged and incorporated into this count as an overt act.

22. The offense alleged in this count is subject to the enhanced penalty provisions of Title 18, United States Code, Section 3147(1) as to **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3), in that they committed this offense while they were released on bond by the Honorable Gerald E. Rosen in the matter of *United States v. Jebril, et al.*, Criminal Case Number 03-80810. On September 9, 2003, **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) were placed under the supervision of the Pretrial Services Office

of the United States District Court for the Eastern District of Michigan, and they remained on bond through November 12, 2004.

23.     All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(18 U.S.C. §§ 1503 and 2:
CORRUPTLY INFLUENCING A JUROR,
AIDING AND ABETTING)

D-1   RADWAN QAYED ALMADRAHI
D-2   AHMAD MUSA JEBRIL
D-3   MUSA ABDALLAH JEBRIL

24.     The General Allegations and Paragraphs 17 through 20 are incorporated into this count by reference.

25.     On November 10, 2004, **RADWAN QAYED ALMADRAHI** (D-1), **AHMAD MUSA JEBRIL** (D-2), and **MUSA ABDALLAH JEBRIL** (D-3), defendants herein, corruptly endeavored to influence, intimidate, or impede a petit juror in the discharge of her duty, and aided and abetted each other toward that end.

26.     The defendants acted to corruptly influence Juror Nine, who was then seated in the trial of *United States v. Jebril, et al.*, Criminal Case Number 03-80810, under way before the Honorable Gerald E. Rosen. The charges against **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) in that case included bank fraud in violation of Title 18, United States Code, Section 1344, a Class A felony carrying a maximum of 30 years in custody.

27.     The offense alleged in this count is subject to the enhanced penalty provisions of Title 18, United States Code, Section 3147(1) as to **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3), in that they committed this offense while they were released on bond by the Honorable Gerald E. Rosen in the matter of *United States v. Jebril, et al.*, Criminal Case Number 03-80810. On September 9, 2003, **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) were placed under the supervision of the Pretrial Services Office of the United States District Court for the Eastern District of Michigan, and they remained on bond through November 12, 2004.

28.     All in violation of Title 18, United States Code, Sections 1503 and 2.

### COUNT 3
(18 U.S.C. §§ 201(b)(1)(A) and (C), and 2:
BRIBERY OF A PUBLIC OFFICIAL,
AIDING AND ABETTING)

D-1   RADWAN QAYED ALMADRAHI
D-2   AHMAD MUSA JEBRIL
D-3   MUSA ABDALLAH JEBRIL

29.     The General Allegations and Paragraphs 17 through 20 are incorporated into this count by reference.

30.     On November 10, 2004, in the Eastern District of Michigan, Southern Division, **RADWAN QAYED ALMADRAHI** (D-1), **AHMAD MUSA JEBRIL** (D-2), and **MUSA ABDALLAH JEBRIL** (D-3), defendants herein, directly or indirectly, corruptly offered or promised things of value, or aided and abetted others in corruptly offering or promising things of

value, to a public official, namely Juror Nine, in order to influence her official act (her participation in jury deliberations and her vote as a juror), and to induce her to do or omit to do an act in violation of her lawful duty as a juror.

31. The offense alleged in this count is subject to the enhanced penalty provisions of Title 18, United States Code, Section 3147(1) as to **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3), in that they committed, aided and abetted, and attempted to commit this crime while they were released on bond by the Honorable Gerald E. Rosen in the matter of *United States v. Jebril, et al.*, Criminal Case Number 03-80810. On September 9, 2003, **AHMAD MUSA JEBRIL** (D-2) and **MUSA ABDALLAH JEBRIL** (D-3) were placed under the supervision of the Pretrial Services Office of the United States District Court for the Eastern District of Michigan, and they remained on bond through November 12, 2004.

32. All in violation of Title 18, United States Code, Sections 201(b)(1)(A) and (C), and 2.

THIS IS A TRUE BILL.

_____
FOREPERSON

CRAIG S. MORFORD
United States Attorney

ROBERT CARES
Assistant United States Attorney

CYNTHIA OBERG
Assistant United States Attorney

February 23, 2005

9

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number 05-80175 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

BERNARD A. FRIEDMAN
MAGISTRATE JUDGE VIRGINIA M. MORGAN

**Companion Case Information**       Companion Case Number:

This may be a companion case based upon LCrR 57.10 (b)(4)[1]:     Judge Assigned: Gerald E. Rosen

✓ Yes     ☐ No          AUSA's Initials: _____

Case Title: USA v. ALMADRAHI, AHMAD JEBRIL, MUSA JEBRIL

County where offense occurred : Wayne and Oakland

Check One:     ✓ Felony     ☐ Misdemeanor     ☐ Petty

☐   Indictment____/Information____ no prior complaint.
✓   **Indictment ✓ /Information____ based upon prior complaint 04-80946**
☐   Indictment____/Information____ based upon LCrR 57.10 (d)   [Complete Superseding section below].

**Superseding Case Information:**

Superseding to Case No: _____       Judge: _____

☐   Original case was terminated; no additional charges or defendants.
☐   Corrects errors; no additional charges or defendants.
☐   Involves, for plea purposes, different charges or adds counts.
☐   Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**                **Charges**


February 23, 2005
    Date

CYNTHIA OBERG  (P 36338)
Assistant United States Attorney

(313) 226-9701
Phone Number

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/1/99